B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 18-90026 |
|---|---|
| PLAINTIFFS WILLIAM HARDT 249 TAMARACK AVE CARLSBAD, CA 92008 | DEFENDANTS ROBERT HAMZEY - DISTINCTIVE PROPERTIES |
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) JOHN L. SMAHA 2398 SAN DIEGO AVE SAN DIEGO, CA 92110 |
| PARTY (Check One Box Only) ☐ Debtor ☒ Creditor ☐ Trustee ☐ U.S. Trustee/Bankruptcy Admin ☐ Other | PARTY (Check One Box Only) ☒ Debtor ☐ Creditor ☐ Trustee ☐ U.S. Trustee/Bankruptcy Admin ☐ Other |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
- FAILURE TO RELEASE ESCROW FUNDS
- 341a
- 11 U.S.C. §521(3)

KCT #

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☒ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

PD 90026 CMD 45

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ROBERT HAMZEY | BANKRUPTCY CASE NO.<br>17-06185-CL7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN CALIFORNIA | DIVISION OFFICE | NAME OF JUDGE<br>C. LATHAM |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE<br>C. LATHAM |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>03/01/18 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>WILLIAM HARDT | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B1330 (Form 1330) (12/15)

# CLAIMS REGISTER

Page No. 1 of 1

| NAME OF DEBTOR ROBERT HAMZEY - DISTINCTIVE PROP. | | | CASE NUMBER 17-06185-CL7 |
|---|---|---|---|
| | NAME AND ADDRESS OF CLAIMANT (AND NAME AND ADDRESS OF ATTORNEY, IF ANY) | AMOUNT OF CLAIMS FILED AND ALLOWED | REMARKS |
| CLAIM NO.<br><br>DATE FILED<br>03/01/18 | WILLIAM HARDT<br>249 TAMARACK AVE<br>CARLSBAD, CA 92008 | FILED<br>$ 25,000.-<br>ALLOWED<br>$ 25,000.- | - FAILURE TO RELEASE ESCROW |
| CLAIM NO.<br><br>DATE FILED | | FILED<br>$<br>ALLOWED<br>$ | |
| CLAIM NO.<br><br>DATE FILED | | FILED<br>$<br>ALLOWED<br>$ | |
| CLAIM NO.<br><br>DATE FILED | | FILED<br>$<br>ALLOWED<br>$ | |
| CLAIM NO.<br><br>DATE FILED | | FILED<br>$<br>ALLOWED<br>$ | |
| CLAIM NO.<br><br>DATE FILED | | FILED<br>$<br>ALLOWED<br>$ | |
| CLAIM NO.<br><br>DATE FILED | | FILED<br>$<br>ALLOWED<br>$ | |
| CLAIM NO.<br><br>DATE FILED | | FILED<br>$<br>ALLOWED<br>$ | |

STATE OF CALIFORNIA - DEPARTMENT OF CONSUMER AFFAIRS                                                    EDMUND G. BROWN JR., *Governor*

**BUREAU OF REAL ESTATE**
Complaint Intake Unit
320 W. 4TH STREET, SUITE 350
LOS ANGELES, CA 90013-1105
(213) 576-6860 or (213) 576-5998

January 30, 2018


WILLIAM HARDT
249 TAMARACK AVE
CARLSBAD, CA 92008


RE: PC # 3-18-0130-007
     Robert Mansour Hamzey, Pacshore Escrow

Dear William Hardt:

This will acknowledge receipt of your correspondence received on 01/30/2018. Your correspondence is currently under review.

When we have completed our review, you will be notified of our final disposition. Should you have reason to contact us, please do so in writing to the above-shown address and to the attention of our "Complaint Intake Unit," making reference to the above-specified CalBRE file number.

Thank you for contacting the Bureau of Real Estate.

Sincerely,


Kevin M. Cohen
Program Technician III
Complaint Intake Unit

KMC

Case 18-90026-CL Filed 03/01/18 Entered 03/01/18 13:52:29 Doc 1 Pg. 5 of 45

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY

EDMUND G. BROWN JR., Governor

**DEPARTMENT OF BUSINESS OVERSIGHT**

***Ensuring a Fair and Secure Financial Services Marketplace for all Californians***

**Jan Lynn Owen**
**Commissioner of Business Oversight**

December 26, 2017

William Hardt
249 Tamarack Ave
Carlsbad, California 92008

RE: PacShore Escrow Services
complaint-26607

Dear William Hardt:

Your correspondence concerning PacShore Escrow Services was received by the Consumer Services Office of the California Department of Business Oversight (DBO) on 12/21/2017. The DBO has reviewed the information you provided and determined that we do not have jurisdiction to process your complaint as we do not regulate PacShore Escrow Services.

As the complaint is concerning an entity or activity that does not fall under the purview of this Department, as an accommodation, we are forwarding your complaint to the governmental agency listed below for any action they deem necessary. Their contact information is noted below:

Bureau of Real Estate
Complaint Intake Unit
320 West 4th Street, Suite 350 .
Los Angeles, CA 90013

Thank you for contacting the California Department of Business Oversight.

Sincerely,

Consumer Services Office
Department of Business Oversight

cc: Bureau of Real Estate (including encl.)

*1515 K Street, Suite 200*
*Sacramento, CA 95814-4052*
*(916) 445-7205*

*One Sansome Street, Suite 600*
*San Francisco, CA 94104-4428*
*(415) 972-8565*

*320 West 4th Street, Suite 750*
*Los Angeles, CA 90013-2344*
*(213) 576-7500*

*1350 Front Street, Room 2034*
*San Diego, CA 92101-3697*
*(619) 525-4233*

*45 Fremont Street, Suite 1700*
*San Francisco, CA 94105*
*(415) 263-8500*

*300 S. Spring Street, Suite 15513*
*Los Angeles, CA 90013*
*(213) 897-2085*

*7575 Metropolitan Drive, Suite 108*
*San Diego, CA 92108*
*(619) 682-7227*

**www.dbo.ca.gov • 1-866-275-2677**

# CANCELLATION OF CONTRACT, RELEASE OF DEPOSIT AND CANCELLATION OF ESCROW

(C.A.R. Form CC, Revised 11/14)

In accordance with the terms and conditions of the: [X] California Residential Purchase Agreement; or [ ] Other ______ ("Agreement"), dated *July 27, 2017*, including all amendments and related documents, on property known as *1825 Avocado Road, Oceanside, CA 92054* ("Property"), between *William J. Hardt Jr* ("Buyer") and *Victoria Boss, Trustee, Boss Family Trust, Robert Boss, Trustee* ("Seller").

**Paragraphs 1 and 2 below constitute escrow instructions to Escrow Holder. Release of funds (pursuant to paragraph 2) requires mutually Signed release instructions from Buyer and Seller, judicial decision or arbitration award. A party may be subject to a civil penalty of up to $1,000 for refusal to sign such instructions if no good faith dispute exists as to who is entitled to the deposited funds (Civil Code §1057.3).**

1. **CANCELLATION OF CONTRACT:** [ ] Buyer [ ] Seller [X] both Buyer and Seller cancel(s) the Agreement for the following reason:

A. [ ] As permitted by the good faith exercise of paragraph(s) ______ of the Agreement

OR B. [ ] Buyer has failed to remove the applicable contingency after being given a Notice to Buyer to Perform (C.A.R. Form NBP).

OR C. [ ] Buyer has failed to take the applicable contractual action after being given a Notice to Buyer to Perform (C.A.R. Form NBP).

OR D. [ ] Seller has failed to take the applicable contractual action after being given a Notice to Seller to Perform (C.A.R. Form NSP).

OR E. [ ] Seller has failed to remove the applicable contingency after being given a Notice to Seller to Perform (C.A.R. Form NSP).

OR F. [ ] Per mutual agreement.

OR G. [X] Other *Buyer did not remove contingencies and wants to cancel escrow*.

DocuSigned by: William J. Hardt — 58C91959DCA349E...
Buyer's or Seller's Signature (party cancelling the contract) *William J. Hardt Jr* Date *09/05/2017*

Buyer's or Seller's Signature (party cancelling the contract) ______ Date ______

2. **RELEASE OF DEPOSIT and CANCELLATION OF ESCROW**

Buyer and Seller cancel escrow # *1050-TH* with *PacShore Escrow* and

A. [X] Seller authorizes release of Buyer's deposit, less Buyer's fees and costs, to Buyer.

OR B. [ ] Buyer authorizes release of Buyer's deposit, less Seller's fees and costs, to Seller. ([ ] Pursuant to a properly executed liquidated damages clause, Buyer's authorization of release of deposit to Seller is limited to no more than 3% of the purchase price. Any additional deposit shall be returned to Buyer.)

OR C. [ ] Both Buyer and Seller acknowledge mutual cancellation of the Agreement and authorize Escrow Holder to continue to hold the deposit until receiving subsequent mutual instructions, judicial decision or arbitration award.

OR D. [ ] Other: ______.

Unless otherwise specified, Buyer and Seller (i) mutually release each other from all obligation to buy, sell or exchange the Property under the Agreement, and from all claims, actions and demands that each may have against the other(s) by reason of the Agreement; and (ii) intend that all rights and obligations arising out of the Agreement are null and void.

Date *09/05/2017* Date 9/9/2017

Buyer DocuSigned by: William J. Hardt — 58C91959DCA349E... *William J. Hardt Jr*

Seller DocuSigned by: Victoria Boss — 231A401FCB354... *Victoria Boss, Trustee, Boss Family Trust*

Buyer ______

Seller DocuSigned by: Robert Boss — 84B59AC46B2B42A... *Robert Boss, Trustee*

© 2014, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
*a subsidiary of the California Association of REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by ______ Date ______

Distinctive Properties, 1237 Camino Del Mar Ste. C Del Mar, CA 92014 Phone: 760.458.2806 Fax: 1825 Avocado
Joseph Clary Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

**PacShore Escrow Services**
A non-independent broker escrow
1237 Camino Del Mar
Del Mar, CA 92014
Tel: (858) 265-4314 • Fax: (951) 834-0395

TO: **PacShore Escrow Services**

Date: September 22, 2017

Escrow No.: **1060-TH**

# CANCELLATION ESCROW INSTRUCTIONS

By mutual agreement, you are hereby authorized and instructed to cancel this escrow in its entirety and void all documents prepared therein. The parties hereto do hereby release the Escrow Holder, from any and all liability, responsibility or obligation in connection with this escrow, and the escrow is hereby declared to be null, void and of no further force nor effect.

**There is NO DEPOSIT in this escrow.**

**THE DEPOSIT IS TO DISBURSED AS FOLLOWS:**

| | | | |
|---|---|---|---|
| **PacShore Escrow Services** | (Cancellation Fee) | $ | 1,000.00 |
| **First American Title Company** | (Cancellation Fee) | $ | -0- |
| **Robert Boss and Victoria Boss, Trustees of the Boss Living Trust dated June 21, 2013** | (Cancellation Fee) | $ | -0- |
| **Other Cancellation/Disbursement Fees:** | | $ | -0- |
| **Balance of Deposit to: William J. Hardt, Jr.** | | $ | 24,000.00 |
| **TOTAL TO BE DISBURSED** | | $ | 25,000.00 |

**PARTIES NOTE: Escrow Holder has the absolute right, at its election, upon receipt of any conflicting instructions, to take no further action until otherwise directed, and will also have the absolute right, at its election, to file an action in interpleader requiring the parties to answer and litigate their several claims and rights among themselves, and Escrow Holder will then deposit with the clerk of the court, all documents and funds held in this escrow. If such action is filed, the parties will jointly and severally pay Escrow Holder's termination charges and costs, if any, and all attorney's fees expended or incurred in the interpleader action. The amount thereof to be fixed and judgment therefore to be rendered by the court. Upon the filing of such action, Escrow Holder will be and become fully released and discharged from all obligations to further perform any obligations imposed by these instructions.**

APPROVED:

[signature]
William J. Hardt, Jr.

*SIGNED UNDER DURESS DUE TO THE ACTIONS/ NON-ACTIONS OF BOB HAMZEY

Robert Boss and Victoria Boss, Trustees of the Boss Living Trust dated June 21, 2013

DocuSigned by:
Robert Boss
By: Robert Boss, Trustee

DocuSigned by:
Victoria Boss
By: Victoria Boss, Trustee

Each of the above signed states he has read the foregoing instructions and understands and agrees to them.

**PacShore Escrow Services**
A non-independent broker escrow
1237 Camino Del Mar
Del Mar, CA 92014
Tel: (858) 265-4314 • Fax: (951) 834-0395

# SUPPLEMENTAL ESCROW INSTRUCTIONS

TO: **PacShore Escrow Services**

Date: **July 31, 2017**
Escrow Officer: **Toni Hasty**
Escrow Number: **1050-TH**

**PACSHORE ESCROW SERVICES IS LICENSED AS AN ESCROW AGENT BY THE BUREAU OF REAL ESTATE OF THE STATE OF CALIFORNIA, LICENSE #01526986.**

**William J. Hardt, Jr.**, (hereinafter known as Buyer) agree to purchase from **Robert Boss and Victoria Boss, Trustees of the Boss Living Trust dated June 21, 2013** (hereinafter known as Seller) the real property set forth herein per the terms, conditions, consideration and instructions hereinafter stated. **The Seller and Buyer herein shall deliver these signed escrow instructions to PacShore Escrow Services, (hereinafter known as Escrow Holder), within 5 calendar days after receipt of same.**

| Terms of Transaction | | |
|---|---|---|
| Buyer has deposited with escrow | $ | 25,000.00 |
| | $ | |
| Buyer will deposit prior to close of escrow | $ | 195,000.00 |
| Buyer to obtain a New 1st Trust Deed in the amount of | $ | 880,000.00 |
| Buyer to obtain a New 2nd Trust Deed in the amount of | $ | |
| | $ | |
| | $ | |
| **TOTAL CONSIDERATION** | $ | 1,100,000.00 |

Furthermore, I will execute and deliver any instruments and/or funds which this escrow requires to show title as called for, all of which you are instructed to use on or before **August 28, 2017**, provided you hold a Policy of Title insurance with the usual title company's exceptions, with a liability of not less than **$1,100,000.00**, covering property in the City of **Oceanside**, County of **San Diego**, State of **California**, described as follows:

See attached Exhibit "A"

COMMONLY KNOWN AS **1825 Avocado Road, Oceanside, CA 92054**

SHOWING TITLE VESTED IN **William J. Hardt, Jr., To Be Determined**

SUBJECT TO:

1. General and Special County and City (if any) Taxes for the current fiscal year, not due or delinquent, including any special levies, payments for which are included therein and collected therewith.
2. Lien of Supplemental Taxes, if any, assessed pursuant to the provisions of Chapter 3.5 (commencing with Section 75) of the Revenue and Taxation Code of the State of California.
3. Covenants, Conditions and Restrictions, reservations easements for public utilities, districts, water companies, alleys and streets, rights and rights of way of record, if any; also exceptions of oil, gas, minerals and hydrocarbons, and/or lease, if any, without the right of surface entry.
4. A New FIRST Trust Deed to record, executed by Vestee herein, securing a Note for **$880,000.00** in favor of **Lender of Buyer's Choice** or order, bearing interest at a rate determined by the Lender, payable as required by the Lender. **Buyers' execution of the loan documents shall be deemed approval of all terms and conditions contained therein. Escrow Holder is instructed to comply with all of the lender's requirements in connection with said new loan.**

**INSTRUCTIONS TO ESCROW:**

**BUYER TO QUALIFY FOR NEW LOAN:** *Buyer to apply, qualify for and obtain the new loan as set out above, and the depositing herein of the lender's loan documents shall constitute satisfaction of this condition. The Buyers' signatures on the lenders loan documents shall constitute their acceptance and approval of the terms and conditions contained therein.*

**PURCHASE AGREEMENT:** The Purchase Agreement dated **July 27, 2017** is hereby acknowledged to be made a part of this agreement and the Buyer and Seller agree to be bound by the terms and conditions contained thereon.

**BUYER USUAL CLOSING COSTS:** Buyer (s) hereby agree to pay the following fees and charges through escrow, including, but not limited to: , Buyer's share of Escrow Fees, Recording Fees, Notary Fees, Lender's Policy of Title Insurance, Lender's Fees as required, Overnight Mail Service/Delivery Fees if any, and all additional fees/charges as set forth in the estimated escrow statement executed by Buyer prior to close of escrow.

SIGN AND RETURN **ATTACHED HERETO AND MADE A PART HEREOF**
***My initials below represent my agreement and acknowledgement of the foregoing***

BUYER INITIALS WJH SELLER INITIALS ____ ____

**SELLER USUAL CLOSING COSTS:** Seller(s) hereby agree to pay the following fees and charges through escrow, including, but not limited to: Recording Fees, Notary Fees, Owner's Policy of title Insurance, Seller share of Escrow Fees, Document Preparation, County Transfer Tax, Overnight Mail Service, delivery fees, if any, commissions and any/all additional fees/charges as set forth in the estimated escrow statement executed by Seller prior to close of escrow.

Escrow Holder is further authorized and directed to deduct and pay from the account of Seller, funds necessary to place title in the condition called for elsewhere in these instructions as per demands provided by Seller's existing lenders.

**PRELIMINARY TITLE REPORT:** Escrow Holder is instructed to order a copy of the Preliminary Title Report and, if any, covenants, conditions, and restrictions. Upon receipt, forward same to Buyer who will then in which to approve or disapprove in writing. Absence of written notification by Buyer(s) of disapproval within specified time shall be deemed Buyer's approval of all documents and deposit of final closing funds by Buyer shall satisfy this condition in full.

**FIRE INSURANCE:** Buyer herein agrees to furnish new fire insurance prior to the close of escrow with sufficient coverage on the dwelling for replacement of subject property. Buyer to deposit sufficient funds as called for by Escrow Holder to pay first year premium at close of escrow. Lender's release of loan funds shall be deemed their approval of said insurance coverage.

**PRELIMINARY CHANGE OF OWNERSHIP REPORT:** Prior to the close of escrow, Grantee shall cause to be handed to Escrow Holder a fully completed and executed "Preliminary Change of Ownership Report" pursuant to the requirements and in accordance with Section 480.3 of the Revenue and Taxation Code, State of California. If Grantee so chooses, Grantee may elect not to complete and execute said form prior to the close of escrow. In such an event, Grantee is aware that a $20.00 charge will be assessed by the County Recorder's Office and Escrow Holder will charge the account of the Grantee accordingly. Escrow Holder's sole duty shall be the delivery of said form to the County Recorder at the time of recordation of transfer documents.

**HOME WARRANTY PROTECTION PLAN:** Seller to provide a one-year Home Protection Plan and hereby authorizes Escrow Holder to pay for same at the close of escrow from proceeds due Seller herein.

**SUPPLEMENTAL TAX INFORMATION:** The tax assessor has the right to reassess the subject property **after** close of escrow and issue a supplemental tax bill to the Buyer, who shall be solely responsible for same. In the event the Seller receives a supplemental tax bill for prior tax year(s) before close of escrow, charge Seller's account. Supplemental tax bills for any tax period prior to close of escrow is the sole responsibility of the Seller. If any such supplemental tax bill has been issued for this current tax year, **it is the Seller's responsibility to forward said bill to the new Buyer, and the Buyer's responsibility for payment of same.** In such event said supplemental bill will be added to the current tax bill and prorated accordingly at close of escrow. *TAX BILLS ISSUED AFTER THE CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER.*

**IRS 1099 REPORTING DISCLOSURE:** Parties are made aware that we are required by law to report the total "gross" proceeds (total consideration/sales price) on all real estate sales to the IRS at closing. In addition, parties are further made aware that Escrow Holder will also be required by H.R. 638 "Home Sale Tax Fairness Act of 1992" to report to IRS the amount of real estate property taxes apportioned between the parties at close of escrow. Seller is to complete, sign and return the attached certification form to Escrow Holder, (all sellers must sign), and this escrow may not close if this form is not received prior to closing. This is an IRS requirement, and any questions should be directed to the *Treasury Department and not Escrow Holder. NOTE: Corporations are* automatically exempt from IRS 1099 reporting.

**INSTRUCTIONS NOT TO SUPERSEDE:** These escrow instructions are executed for the sole purpose of enabling the Escrow Holder to complete this transaction, and are not intended to amend, modify, supersede or in any way change that certain agreement entered into by the parties hereto and dated prior to these escrow instructions. **PacShore Escrow Services**, its officers and/or employees shall not be concerned with said agreement or any matters as contained therein and is responsible only for such matters as are specifically set out above in the instructions.

**MEMORANDA: THE FOLLOWING ARE SHOWN AS A MATTER OF AGREEMENT BETWEEN PARTIES ONLY. ALL PARTIES ARE AWARE AND ACKNOWLEDGE THAT ESCROW HOLDER SHALL HAVE NO RESPONSIBILITY WITH REGARD TO THESE ITEMS. ESCROW HOLDER WILL TAKE NO ACTION WITH RESPECT TO THESE ITEMS EITHER BEFORE OR AFTER THE CLOSE OF ESCROW:**

**AGENCY CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:
Listing Agent **Victoria** Boss is the agent of the Seller.
Selling Agent **Joseph** Clary is the agent of the Buyer.

**ZONE DISCLOSURE REPORT:** Prior to the close of escrow, Seller(s) will provide Buyer(s) with a Zone Disclosure Report and Escrow Holder is advised to charge Seller's account with same at the close of escrow. Buyer's deposit of final funds into escrow in an amount sufficient to close, will be deemed Buyer's receipt and approval of such report.

**DISCLOSURE REGARDING LISTING BROKER:** It is understood that Victoria Boss , one of the grantors named above, is a licensed Real Estate Agent.

***END OF MEMORANDUM ITEMS***

THE FOLLOWING PRORATIONS AND/OR ADJUSTMENTS ARE TO BE MADE AS OF:
**CLOSE OF ESCROW IF APPLICABLE**

1. Real Property Taxes based on latest available tax bills.
2. Homeowner's Association Dues based on the statement received from the Homeowner's Association or its representative

SIGN AND RETURN

**ATTACHED HERETO AND MADE A PART HEREOF**
***My initials below represent my agreement and acknowledgement of the foregoing***

BUYER INITIALS WAH SELLER INITIALS ____ ____

**WE, JOINTLY AND SEVERALLY, ACKNOWLEDGE RECEIPT OF A COMPLETE COPY OF THE WITHIN ESCROW INSTRUCTIONS AND BY OUR SIGNATURES SET FORTH BELOW, ACKNOWLEDGE THAT WE HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTAINED THEREIN, IN THEIR ENTIRETY.**

**Buyer's Signature:**

William J. Haadt, Jr.

SIGN AND RETURN

Address: **249 Tamarack Ave. Carlsbad, CA 92008**

The foregoing terms, provisions, conditions and instructions are hereby approved and accepted in their entirety and concurred with by me. I will hand you necessary documents called for on my part to cause title to be shown as set out herein, which you are authorized to deliver when you hold or have caused to be applied to funds set forth herein within the time as herein provided. You are authorized to pay on my behalf, my recording fees, charges for evidence of title as called for whether or not this escrow is consummated, except those the Buyer agreed to pay. You are hereby authorized to pay bonds, assessments, taxes, and any liens of record, including prepayment penalties, if any, to show title as called for.

You are further instructed to pay documentary transfer tax on deed as required.

You are further authorized and instructed to pay commission as set forth on separate instructions made a part hereof.

**Seller's Signature:**

Robert Boss and Victoria Boss, Trustees of the Boss Living Trust dated June 21, 2013

By: Robert Boss, Trustee

By: Victoria Boss, Trustee

Address: **1825 Avocado Road Oceanside, CA 92054**

## ADDITIONAL ESCROW INSTRUCTIONS AND PROVISIONS

1. **The parties to this escrow are made aware that Escrow Holder has no obligation to verify signatures of any of the parties involved.**

2. You shall not be responsible for the following: (1) the sufficiency or correctness as to form, manner of execution or validity of any documents deposited in this escrow: (2) the identity, authority, or right of any person executing the same, either as to documents of record or those handled in the escrow: or (3) the failure of any party to comply with any of the provisions of any agreement, contract or other instrument filed or deposited in this escrow or referred to in those escrow instructions. Your duties shall be limited to the safekeeping of money and documents received by you as Escrow Holder and for the disposition in compliance with the written instructions accepted by you in this escrow. You shall not be required to take any action regarding the collection, maturity, or apparent outlaw of any obligations deposited with you unless otherwise instructed in writing.

3. Where the assignment of any insurance policy from Seller to Buyer is concerned, Seller guarantees to you any insurance policy handed you in this escrow is policy in force, the policy has not been hypothecated and that all necessary premiums have been paid. You are authorized to execute on behalf of the parties assignments of interest in any insurance policy (other than title insurance policies) called for in this escrow, you are authorized to transmit for assignment any insurance policy to the insurance agent requesting that the insurer consent to such assignment, to request that a loss payee clause or such other endorsements as may be required be issued and to forward such policy to the lenders and entitled parties. You shall not be responsible for verifying the acceptance of the request for assignment and policy of insurance by the insurance company. The parties mutually agree that you will make no attempt to verify the receipt of the request for assignment by the issuing insurance company. All parties are placed on notice that if the insurance company should fail to receive the assignment, the issuing company may deny coverage for any loss suffered by Buyer. IT IS THE OBLIGATION OF THE INSURED OR THE INSURED'S REPRESENTATIVE TO VERIFY THE ISSUING COMPANY'S ACCEPTANCE OF THE ASSIGNMENT OF THE POLICY.

4. You are not to be held responsible in any way whatsoever for any personal property tax which may be assessed against any former or present owner of the subject property described in these escrow instructions, nor for the corporation or license tax of any corporation as a former or present owner.

5. If it is necessary, proper or convenient for the consummation of this escrow, you are authorized to deposit or have deposited funds or documents, or both, handed you under these escrow instructions with any duly authorized sub-escrow agent, including, but not limited to, any bank, trust company, title insurance company, title company, savings and loan association, or licensed escrow agent, *subject to your order at or before close of escrow in connection with closing this escrow. Any such deposit shall be deemed a deposit* under the meaning of these escrow instructions.

6. The parties to this escrow have satisfied themselves outside of escrow that the transaction covered by this escrow is not in violation of the Subdivision Map Act or any law regulation land division, zoning ordinances or building restrictions which may affect the land or improvements that are the subject of this escrow. You, as escrow holder, are relieved of all responsibility and liability in connection with such laws, ordinances, restrictions or regulations and are not to be concerned with any of their enforcement.

7. If any form of Purchase Agreement of amendment or supplement (collectively "Purchase Agreement") is deposited in this escrow, it is understood that such document shall be effective only as between the parties signing the Purchase Agreement. You, as Escrow Holder, are not to be concerned with the terms of any Purchase Agreement and are relieved of all responsibility for the enforcement of its terms. Your only duty is to comply with the instructions set forth in the escrow instructions. You are not responsible for interpreting or acting on any provision of any Purchase Agreement on which these escrow instructions may be based and you shall not rely on any knowledge or understanding you may have of any such Purchase Agreement in ascertaining or performing your duties as Escrow Holder. In connection with any loan transaction, you are authorized to deliver a copy of any Purchase Agreement, supplement or amendment and a copy of all escrow instructions, supplements or amendments to the lender.

8. You shall make no physical inspection of the real property or personal property described in any instruments deposited in, or which is the subject of this escrow. You have made no representations or warranties concerning any such real property or personal property and are not to be concerned with nor liable for the condition of real property or personal property.

9. The parties authorize the recordation of any instrument delivered through this escrow if necessary or proper for the issuance of the required policy of title insurance or for the closing of this escrow. Funds, instructions or instruments received in this escrow may be delivered to, or deposited with any title insurance company or title company to comply with the terms and conditions of this escrow.

10. You are to use your usual document forms or the usual forms of any title insurance company or title company and in our instructions insert dates and terms on the instruments if incomplete when executed.

11. If the date by which Buyer's or Seller's performances are due shall be other than your regular business day, such performances shall be due on your next succeeding business day.

12. You shall conduct no lien or title search of personal property regarding the sale or transfer of any personal property through this escrow. Should the parties desire that you conduct a lien or title search of personal property, the parties requesting the same shall deliver separate and specific written escrow instructions to you along with an agreement to pay your additional escrow fees.

13. You shall not be responsible in any way whatsoever nor are you to be concerned with any question of usury in any loan or encumbrance, whether new or of record, which may arise during the processing of this escrow.

14. The parties agree to deliver to you all documents, instruments, escrow instructions and funds required to process and close this escrow in accordance with its terms.

SIGN AND RETURN

***ATTACHED HERETO AND MADE A PART HEREOF***
*My initials below represent my agreement and acknowledgement of the foregoing*

BUYER INITIALS [initials] SELLER INITIALS _____ _____

15. You are instructed to provide title to the subject real property in the condition identified in the escrow instructions by the parties. You are not responsible for the contents or accuracy of any beneficiary demands and/or beneficiary statements delivered to you by the existing lienholders. You are not required to submit any such beneficiary statements and/or demand to the parties for approval before the close of escrow unless expressly instructed to do so in writing. Should the parties desire to pre-approve any such beneficiary statement and/or demand, the parties requesting the same shall deliver separate and specific written escrow instructions to you.

16. You are not to be responsible in any way whatsoever nor to be concerned with the terms of any new loan or the content of any loan documents obtained by any party in connection with this escrow except to order such loan documents into the escrow file, transmit the loan documents to Buyer for execution and transmit the executed loan documents to lender. The parties understand and agree that you are not involved nor concerned with the approval and/or processing of any loan or the contents and effect of loan documents prepared by a lender.

17. The parties expressly indemnify and hold you harmless against third-party claims for any fees, costs or expenses where you have acted in good faith, with reasonable care and prudence and/or in compliance with these escrow instructions. You are not required to submit any such beneficiary statement and/or beneficiary demand to the parties for approval before the close of escrow unless expressly instructed to do so in writing. Should the party(ies) desire to pre-approve any such beneficiary statement and/or beneficiary demand, the party(ies) requesting the same shall deliver separate and specific written escrow instructions to you.

18. The Federal Tax Reform Act of 1986, as amended, and the California Revenue & Taxation Code, require certain transactions to be reported to the Internal Revenue Service and the California State Franchise Tax Board. In those transactions Seller will furnish a correct tax identification number to you so you can report this transaction as required by law. Seller understands that Seller may be subject to civil or criminal penalties for failure to do so.

19. The parties agree that you have the responsibilities of an Escrow Holder only and there are no other legal relationships established in the terms and conditions of the escrow instructions. In connection with this escrow: (1) You shall have no duty or responsibility of notifying any of the parties to this escrow of any sale, resale, loan, exchange or other transaction involving any of the subject real property or personal property; (2) You shall have no responsibility or duty to disclose any benefit, including, but not limited to financial gain, realized by any person, firm or corporation involving any of the subject real property or personal property; and (3) You shall have no responsibility or duty to disclose any profit realized by any person, firm or corporation including, but not limited to, any real estate broker, real estate sales agent and/or a party to any other escrow, in connection therewith, although such other transaction may be handled by you in this escrow or in another escrow transaction. If, however, you are instructed in writing by any party, Lender or other entitled person to disclose any sale, resale, loan, exchange or other transaction involving any of the subject real property or personal property or any profit realized by any person, firm or corporation to any party to this escrow, you shall do so without incurring any liability to any party. You shall not be liable for any of your acts or omissions done in good faith nor for any claims, demands, losses or damages made or suffered by any party to this escrow, excepting such as may arise through or be caused by your willful neglect or gross misconduct.

20. Buyer acknowledges that pursuant to the California Revenue & Taxation Code a Change of Ownership form is required by the county recorder to be completed and affixed to any documents submitted for recording which evidence a conveyance of title. The Change of Ownership form shall be furnished to Buyer by you for Buyer's completion and execution. Buyer is aware that if Buyer does not complete the form in full, sign and return it to you before closing, a penalty will be assessed by the county recorder. If the Change of Ownership form is not filed after the close of escrow within the time limits set forth by the county recorder, severe additional penalties will be assessed against the Buyer.

**For information and assistance in completing the Change of Ownership form, Buyer may contact the County Recorder and Assessors offices in the county in which the subject property is located.**

21. The parties shall cooperate with you in carrying out the escrow instructions they deposit with you and completing this escrow. The parties shall deposit into escrow, upon request, any additional funds, instruments, documents, instructions, authorizations, or other items that are necessary to enable you to comply with demands made on you by third parties, to secure policies of title insurance, or to otherwise carry out the terms of their instructions and close this escrow. If conflicting demands or notices are made or served upon you or any controversy arises between the parties or with any third person arising out of or relating to this escrow, you shall have the absolute right to withhold and stop all further proceedings in, and in performance of, this escrow until you receive written notification satisfactory to you of the settlement of the controversy by written agreement of the parties, or by the final order or judgment of a court of competent jurisdiction.

All of the parties to this escrow, jointly and severally, promise to pay promptly on demand, as well as to indemnify you and to hold you harmless from and against all administrative governmental investigations, audit and legal fees, litigation and interpleader costs, damages, judgments, attorneys' fees, arbitration costs and fees, expenses, obligations and liabilities of every kind (collectively "costs") which in good faith you may incur or suffer in connection with or arising out of this escrow, whether said costs arise during the performance of or subsequent to this escrow, directly or indirectly, and whether at trial, or on appeal, in administrative action, or in an arbitration. You are given a lien upon all the rights, titles and interests of the parties and all escrow papers and other property and monies deposited into this escrow to protect your rights and to indemnify and reimburse you. If the parties do not pay any fees, costs or expenses due you under the escrow instructions or do not pay for costs and attorneys' fees incurred in any litigation, administrative action and/or arbitration, on demand, they each agree to pay a reasonable fee for any attorney services which may be required to collect such fees or expenses, whether attorneys' fees are incurred before trial, at trial, on appeal or in arbitration.

22. ALL NOTICES, DEMANDS AND INSTRUCTIONS MUST BE IN WRITING. No notice, demand, instruction, amendment, supplement or modification of these escrow instructions shall be of any effect in this escrow until delivered in writing to you and mutually executed by all parties.

SIGN AND RETURN

**ATTACHED HERETO AND MADE A PART HEREOF**

***My initials below represent my agreement and acknowledgement of the foregoing***

BUYER INITIALS [initials]     SELLER INITIALS _____ _____

Any purported oral instruction, amendment, supplement, modification, notice or demand deposited with you by the parties or either of them shall be ineffective and invalid. You are to be concerned only with the directives expressly set forth in the escrow instructions, supplements and amendments thereto, and are not to be concerned with nor liable for items designated as "memorandum items" in the escrow instructions. These escrow instructions may be executed in counterparts, each of which shall be deemed an original regardless of the date of its execution and delivery. All such counterparts together shall constitute the same document.

The parties acknowledge and understand that you, as Escrow Holder, are not authorized to practice the law nor do you give financial advice. The parties are advised to seek legal and financial counsel and advice concerning the effect of these escrow instructions. The parties acknowledge that no representations are made by you about the legal sufficiency, legal consequences, financial effects or tax consequences of the within escrow transaction.

23. Notwithstanding any other provisions in these escrow instructions and in addition to other fees and costs to which you may be entitled, the parties, jointly and severally, agree that if this escrow is not consummated within ninety (90) days of the date set for closing, you are instructed to, and without further instructions, withhold your escrow hold open fee of $50.00 per month from the funds on deposit with you regardless of who deposited such funds. The parties, jointly and severally, further agree that if you are, for any reason, required to hold funds after close of escrow, you are instructed to, and without further instructions, withhold an escrow fee of $50.00 per month from the funds on deposit with you regardless of who deposited such funds. The parties irrevocably instruct you to automatically cancel this file without further instructions when all funds on deposit have been disbursed.

24. Your Escrow Holder agency shall terminate six (6) months following the date last set for close of escrow and shall be subject to earlier termination by receipt by you of mutually executed cancellation instructions. If this escrow was not closed or cancelled within the described six (6) month period, you shall have no further obligations as Escrow Holder except to disburse funds and documents pursuant to written escrow instructions and to interplead or otherwise dispose of funds and documents in accordance with a validly issued and validly served order from a court of competent jurisdiction. If the conditions of this escrow have not been complied with at the expiration date in these escrow instructions, you are instructed to complete the conditions at the earliest possible date, unless Buyer or Seller have made written demand upon you for the return of the funds and/or instruments deposited by Buyer or Seller and/or for cancellation of this escrow.

Should demands be made upon you, you may withhold and stop all further proceedings in this escrow without liability for interest on funds held or for damages until mutual cancellation instructions signed by all parties shall have been deposited with you. The parties, jointly and severally, agree that if this escrow cancels or is otherwise terminated and not closed, the parties shall pay for any costs and expenses which you have incurred or have become obligated for under these escrow instructions, including, but not limited to, attorneys' fees, arbitration fees and costs and reasonable escrow fees for the services rendered by you, the parties agree that such costs and expenses shall be paid and deposited in escrow before any cancellation or other termination of this escrow is effective. The parties agree that said charges for expenses, costs and fees may be apportioned between Buyer and Seller in a manner which, in your sole discretion, you consider equitable, and that your decision will be binding and conclusive upon the parties. Upon receipt of mutual cancellation instructions or a final order or judgment of a court of competent jurisdiction with accompanying writs of execution, levies or garnishments, you are instructed to disburse the escrow funds and instruments in accordance with such cancellation instruction, order or judgment and accompanying writ and this escrow shall, without further notice be considered terminated and cancelled.

25. If any check submitted to you is dishonored upon presentment for payment, you are authorized to notify all parties to the within escrow, their respective real estate brokers and real estate agents and any other person or entity you deem in you sole discretion necessary to notify.

26. The parties agree to release you from any and all liability of any kind or nature and to indemnify you from any loss, damages, claims, judgments or costs of any kind or nature resulting from or related to the release or discharge of hazardous or toxic wastes on the subject property whether it occurred in the past or present or may occur in the future which release or discharge is in violation of law, in excess of any state and federal standards, permit requirements and/or disclosure requirements existing at this time or which may exist at a future time. The parties represent that they made their own assessment of the condition of the subject property and have not relied on any of your representations in making the assessment. The parties are advised to seek independent legal and technical environmental expert advice in assessing the risks associated with potential hazardous or toxic wastes.

27. In these escrow instructions, wherever the context so requires, the masculine gender includes the feminine and/or neuter and the singular number includes the plural.

28. You are authorized to destroy or otherwise dispose of any and all documents, papers escrow instructions, correspondence and records or other material constituting or pertaining to this escrow at any time after five (5) years from the date of: (1) the close of escrow: (2) the date of cancellation: or (3) the date of the last activity without liability and without further notice to the parties.

**Buyer's Signature:**

William J. Hardt, Jr.

SIGN AND RETURN

**Seller's Signature:**

Robert Boss and Victoria Boss, Trustees of the Boss Living Trust dated June 21, 2013

By: Robert Boss, Trustee

By: Victoria Boss, Trustee

EXHIBIT "A"

Real property in the City of Oceanside, County of San Diego, State of California, described as follows:

THAT PORTION OF LOT 5 IN BLOCK "B" OF NORTH CARLSBAD ANNEX, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 1888, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MARCH 1, 1926, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID LOT 5; THENCE SOUTH 03° 12' 00" EAST, 537.45 FEET TO THE TRUE POINT OF BEGINNING; THENCE NORTH 69° 04' 00" EAST, 140.78 FEET; THENCE SOUTH 80° 01' 00" EAST, 149.50 FEET TO A POINT ON THE WEST LINE OF AVOCADO ROAD, SAID POINT BEING ON THE ARC OF A CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF 398.13 FEET, THE RADIAL BEARING AT SAID POINT BEING SOUTH 63° 01' 30" EAST; THENCE SOUTHERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 02° 09' 30", AN ARC DISTANCE OF 15.00 FEET TO A POINT OF REVERSE CURVATURE WITH A CURVE CONCAVE TO THE SOUTHEAST HAVING A RADIUS OF 316.94 FEET AND A CENTRAL ANGLE OF 43° 00' 00"; THENCE SOUTHERLY ALONG SAID CURVE AN ARC DISTANCE OF 180.80 FEET (WHICH POINT IS 53.06 FEET FROM THE SOUTHEAST CORNER OF SAID LOT 5); THENCE SOUTH 71° 58' 00" WEST, 230.41 FEET TO THE SOUTHWEST CORNER OF SAID LOT 5; THENCE NORTH 03° 12' 00" WEST ALONG THE WEST LINE OF SAID LOT 5, A DISTANCE OF 234.47 FEET, MORE OR LESS, TO THE TRUE POINT OF BEGINNING, INCLUDING THE LAND TO THE CENTER LINE OF THE ADJACENT ROAD BORDERING THE LAND HEREIN DESCRIBED.

APN: 154-230-13-00

INITIAL HERE

# PacShore Escrow Services

1237 Camino Del Mar, Suite C, Del Mar, CA 92014
Tel: (858) 481-7600 • Fax: (858) 481-7615

## SETTLEMENT STATEMENT
Estimated

File No.: 1050-TH
Officer/Escrow Officer: Toni Hasty

Printed Date/Time: 08/25/2017 - 11:10:01AM
Page 1 of 2
Closing Date: 08/28/2017
Disbursement Date:

Buyer/Borrower: William J. Hardt, Jr.
249 Tamarack Ave., Carlsbad, CA 92008

Seller: Robert Boss and Victoria Boss, Trustees of the Boss Living Trust dated June 21, 2013
1825 Avocado Road, Oceanside, CA 92054

Property: 1825 Avocado Road, Oceanside, CA 92054

| SELLER DEBITS | SELLER CREDITS | DESCRIPTION | BUYER/BORROWER DEBITS | BUYER/BORROWER CREDITS |
|---|---|---|---|---|
| | 1,100,000.00 | TOTAL CONSIDERATION | 1,100,000.00 | |
| | | Earnest Money | | 25,000.00 |
| | | PRORATIONS/ADJUSTMENTS: | | |
| 675.79 | | Property Tax @ 2,097.27 per 6 month(s) 6/30/2017 to 8/28/2017 | | 675.79 |
| | | COMMISSION(S): | | |
| 27,500.00 | | Listing Broker: Sea Coast Exclusive Properties | | |
| 27,500.00 | | Selling Broker: Weichert Realtors - Distinctive Properties | | |
| | | Debits to Commission | | 5,000.00 |
| | | TITLE CHARGES | | |
| 2,548.00 | | Owner's Premium for 1,100,000.00: First American Title Company | | |
| | | Lender/Mortgagee Premium for 867,000.00: First American Title Company | 1,105.00 | |
| | | Endorsement: First American Title Company | 100.00 | |
| 62.50 | | Sub Escrow Fee: First American Title Company | 62.50 | |
| 15.00 | | Wire/Express: First American Title Company | 15.00 | |
| | | Deed Recording Fee: First American Title Company | 65.00 | |
| | | Mortgage Recording Fee: First American Title Company | 100.00 | |
| 1,210.00 | | County Transfer Tax: First American Title Company | | |
| | | Notary Fee: TO BE DETERMINED | 250.00 | |
| | | ESCROW CHARGES TO: PacShore Escrow Services | | |
| 2,550.00 | | Settlement Agent Fee | 2,550.00 | |
| 100.00 | | [illegible] | [illegible] | |
| 75.00 | | Messenger Fee | 75.00 | |
| 30.00 | | Wire Fee | 30.00 | |
| 15.00 | | 1099 Processing Fee | | |
| | | Loan Tie-In Fee | 150.00 | |
| | | LENDER CHARGES | | |
| | | New to Chase: | | 867,000.00 |
| | | County Taxes Reserves for 8 month(s) @ 1,145.83: Chase | 9,166.64 | |
| | | Loan Fee @ 0.6250 %: Chase | 5,418.75 | |
| | | Prepaid Interest From 8/28/2017 To / / , 0 Days, @ 89.0800/per day: Chase | 178.16 | |
| | | Underwriting Fee: Chase | 595.00 | |
| | | Tax Service: Chase | 87.00 | |
| | | Appraisal: Chase | 635.00 | |
| | | Flood Certification: Chase | 11.00 | |
| | | LOAN PAYOFF: PennyMac | | |
| | | Principal Balance 146,889.15<br>Interest From To 8/31/2017 392.38<br>Recording Fees 37.00 | | |

$1,000.00 ATTEMPTED CHARGE AT CANCELLATION

**PacShore Escrow Services**
1237 Camino Del Mar, Suite C, Del Mar, CA 92014
Tel: (858) 481-7600 • Fax: (858) 481-7615

**SETTLEMENT STATEMENT**
**Estimated**

**File No.:** 1050-TH

**Printed Date/Time:** 08/25/2017 - 11:10:01AM
Page 2 of 2

**Property:** 1825 Avocado Road, Oceanside, CA 92054

| SELLER | | | BUYER/BORROWER | |
|---|---|---|---|---|
| DEBITS | CREDITS | DESCRIPTION | DEBITS | CREDITS |
| | | Release Costs 8.50 | | |
| 147,327.03 | | Total Loan Payoff | | |
| | | **TAXES:** | | |
| | | 2nd half 2016-17 propety taxes to: San Diego Tax Collector-Assessor #154-230-13-00 POC $2,097.27 | | |
| | | **ADDITIONAL DISBURSEMENTS:** | | |
| 99.00 | | Natural Hazard Report Fee: Disclosure Source | | |
| 435.00 | | Home Owner's Warranty: American Home Shield | | |
| 210,142.32 | 1,100,000.00 | **SUBTOTALS** | 1,120,694.05 | 897,675.79 |
| | | **DUE FROM BUYER/BORROWER** | | 223,018.26 |
| 889,857.68 | | **DUE TO SELLER** | | |
| 1,100,000.00 | 1,100,000.00 | **TOTALS** | 1,120,694.05 | 1,120,694.05 |

Robert Boss and Victoria Boss, Trustees of the Boss Living Trust dated June 21, 2013

_______________________________
Robert Boss, Trustee

_______________________________
Victoria Boss, Trustee

_______________________________
William J. Hardt, Jr.

THIS IS A SUMMARY OF THE ESTIMATED CLOSING TRANSACTION PREPARED BY <<SETTLEMENT AGENT NAME HERE>>.
THIS IS NOT AN OFFICIAL GOVERNMENTAL DISCLOSURE.



# Wire Transfer Outgoing Request

CHASE

## Wire Transfer Sender Information

| Sender Name: WILLIAM J HARDT-JR | | | | |
|---|---|---|---|---|
| Account Name: WILLIAM J HARDT-JR | | Street Address: 249 TAMARACK AVE | | |
| City: CARLSBAD | State: CA | Zip: 92008-4062 | Country: USA | Daytime Phone: 201-637-8645 |
| Primary ID Type: Driver's License | ID Issuer: CA | ID Number: y3072215 | ID Issue Date: 11/20/2015 | ID Exp: 02/24/2020 |
| Secondary ID Type: | ID Issuer: | ID Number: | ID Issue Date: | ID Exp: |
| Comments: | | | | |

## Wire Transfer Information

| Request Date: 08/01/2017 | Request time: 08:42:55PM Eastern time | Effective date: 08/02/2017 | Wire Type: Domestic |
|---|---|---|---|
| Debit Account #: | Debit Account Type: PREMIER PLUS CKG | Available balance: $30,527.55 | Wire Amount (US dollars): $25,000.00 |
| Qualifying Account #: | Qualifying Account Type: | Source of funds: Checking | Wire Fee: $35.00 |
| Currency type to be sent: US Dollars | Exchange rate: N/A | Foreign currency amount: N/A | Amount to Collect (USD): $25,035.00 |
| FX Contract Number: | | | |

## Recipient Account Information

| Account Name: Pacshore Escrow Services | | | | |
|---|---|---|---|---|
| Street Address: | Account Number: 6750360694 | | | |
| | City: | State: | Zip: | Country: |
| Text to Recipient: 1825 Avocado, Oceanside, CA 92054 William Hardt | | | | |

FACT 9 TRUSTEE STATEMENT

## Receiving Bank Information

| Bank Name: Comerica Bank | | | | |
|---|---|---|---|---|
| Street Address: 660 WOODSIDE RD | Bank ABA/SWIFT Code: 321170538 | | | |
| | City: REDWOOD CITY | State: CA | Zip: 94061 | Country: USA |
| Intermediary Bank Name: | | | | |
| Street Address: | Intermediary Bank ABA: | | | |
| | City: | State: | Zip: | Country: |
| Text to Receiving Bank: | | | | |

**Hardt, William (ext) (RC-US EM TS PM)**

**From:** Hardt, William (ext) (RC-US EM TS PM)
**Sent:** Wednesday, October 04, 2017 1:05 PM
**To:** 'toni@pacshoreescrow.com'; 'BestHomesSD@aol.com'
**Subject:** FW: Stuff for Mr. Hardt
**Attachments:** Avocado Cancellation.pdf

**Importance:** High

Toni/Bob,

Please respond to my previous email-
If I do receive correspondence by EOB 10/05, I will assume Pacshore wishes for me to take ALL actions listed below. Again, I do not wish to go this route but I will pursue without hesitation.

Thank you,
Bill Hardt

---

**From:** Hardt, William (ext) (RC-US EM TS PM)
**Sent:** Saturday, September 30, 2017 11:43 AM
**To:** 'BestHomesSD@aol.com'
**Subject:** RE: Stuff for Mr. Hardt
**Importance:** High

Bob,

Please see attached copy of SIGNED cancellation agreement by buyer & seller-

Within the purchase agreement contract (HUD-1) signed by BOTH parties it clearly states within the escrow section-

- ½ paid by buyer & ½ to be paid by seller
- Seller is responsible for-
  - Title insurance
  - County transfer
  - City tax transfer
  - Natural hazard disclosure
- UPON CLOSE

*The deal did not close therefore the costs which you stated are "In reality we are drastically reducing the fee, not adding a new charge" are not only untrue, they are not justifiable. THE DEAL DID NOT CLOSE.

I have taken the steps to reach out to The California Association of Realtors & CalBRE. Upon disclosure of the current actions by Pacshore, they have BOTH advised me that the actions taken are in violation of- California standards & practices of Escrow, The Code of Ethics for the Association of Realtors, as well as California escrow contingency laws. Some major items discussed, but not limited to-

- Escrow was not perfected (Signed by both parties- which the documents you sent were not)
- Escrow must be placed in a trust account exempt from attachment (supplemental escrow instructions for cancellation included $1,000 fee from Pacshore)
- Escrow holder may not solicit or amend or supplemental instruct (again, amended $1,000 fee added by Pacshore)
- Escrow DID NOT close

- Neutrality of Escrow holder
  - Upon receipt of amended Escrow cancellation it was stated by Pacshore (T.Hasti) "The amended cancellation with the $1,000 fee was directly ordered by the owner (Bob Hamzey)".
    - Upon review of these statements the neutrality of Pacshore now comes into question
      - As owner of Weichert Distinctive Properties there was clearly a vested interest/stake in the close of the deal due to the fact that the buying agent (J.Clary) was/is an employee of Weichert Distinctive. (ie.- Agent/Broker commissions/Escrow fees upon close)
      - Due to the aggressive nature of our telephone conversation it was apparent that you had some disappointment this deal did not close.

*Both CalBRE & The California Association of Realtors have requested I immediately file a complaint/grievance against Pacshore.

The bottom line is the deal did not close. I have tried to speak to you fairly & rationally. I do not wish to spend more of everyone's time, effort & money pursuing this but it is clear I am not being treated as a neutral party to this transaction, as I was promised.

If you do not return my money, as stated in the MUTUALLY SIGNED release of escrow, you will leave me with no other options than to file complaints/grievances with CalBRE, The California Association of Realtors, & the Better Business Bureau. I have also contacted my attorney/made him aware of the situation and made all steps needed to expedite, if necessary (I'm hoping it does not come down to that but I am ready to seek full penalties under California State law, attorney's fees, etc).

Again, I understand your disappointment with the deal not closing, as is everyone involved, unfortunately that does not change the facts.
Please advise on how you wish to proceed.

Bill Hardt
201-637-8645

**From:** William J. Hardt Jr. [mailto:wjhardt@gmail.com]
**Sent:** Saturday, September 23, 2017 7:57 AM
**To:** Hardt, William (ext) (RC-US EM TS PM)
**Subject:** Fwd: Stuff for Mr. Hardt

Sent from my iPhone

Begin forwarded message:

> **From:** Robert Hamzey Distinctive Properties <besthomessd@aol.com>
> **Date:** September 22, 2017 at 4:23:13 PM PDT
> **To:** wjhardt@gmail.com
> **Subject: Fwd: Stuff for Mr. Hardt**
>
> William, because you said you never received any documents, I am including your signed and agreed copy of the escrow instructions, a copy of the estimated charges prepared for each lender, and your signed cancelation instructions stating your return is minus charges.
>
> Page 1 of the escrow instructions on the bottom spell out charges you are responsible for.
>
> The estimated closing cost statements spell out how much the charges are, and the cancelation you signed spells out the refund is minus buyer fees.

The signed escrow instructions also outline some bot not all of the steps to get the file to closing. We were over 90% there in terms of Escrows work to finish.

In reality we are drastically reducing the fee, not adding a new charge.

Please review and contact me.

Robert Hamzey
Broker/Owner
Weichert Realtors® – Distinctive Properties
Del Mar, CA. 760-685-7466 (cell)

Begin forwarded message:

**From:** Toni Hasty <toni@pacshoreescrow.com>
**Date:** September 22, 2017 at 3:46:34 PM PDT
**To:** Robert Hamzey <BestHomesSD@aol.com>
**Subject: Stuff for Mr. Hardt**

Bob –

I have attached a copy of the following:

- Buyer-signed escrow instructions
- ESS that was prepared for Chase – the 1st lender (this was the last of 4 that I did for this lender – they kept asking for revisions)
- ESS that was prepared for Caliber – the 2nd lender

*Toni Hasty*
Escrow Officer
**PacShore Escrow Services**
BRANCH OFFICE
27349 Jefferson Ave., #205
Temecula, CA 92590
Direct: (858) 265-4314
Fax: (951) 834-0395
EMAIL: toni@pacshoreescrow.com

PLEASE NOTE: Loan documents cut off time is 3:30pm. Any documents received after this time wil be processed the following business day.

## Hardt, William (ext) (RC-US EM TS PM)

**From:** SELLER → Victoria Boss <vboss@cox.net>
**Sent:** Tuesday, November 21, 2017 3:59 PM
**To:** Hardt, William (ext) (RC-US EM TS PM)
**Subject:** Re: Escrow cancellation

Hmmm... I don't remember that disclosure. We are taking the house off the market to fix the garage foundation, paint, flooring and staging. If you don't find anything else, come on back.

Vicky Boss
Sea Coast Exclusive Properties
760-687-6233
vboss@cox.net

On Nov 21, 2017, at 3:22 PM, Hardt, William <william.hardt.ext@siemens.com> wrote:

He owns the branch of Weichert that Joe works for... I found out later that he also owns Pacshore escrow which is why they sent me there for escrow services.

**From:** Victoria Boss [mailto:vboss@cox.net]
**Sent:** Tuesday, November 21, 2017 3:13 PM
**To:** Hardt, William (ext) (RC-US EM TS PM)
**Subject:** Re: Escrow cancellation

Who is Bob Hamzey?

On Nov 21, 2017, at 3:10 PM, Hardt, William <william.hardt.ext@siemens.com> wrote:

Bob Hamzey added a $1000 charge to me & refuses to take my calls or respond to an email, been holding my money hostage.

**From:** Victoria Boss [mailto:vboss@cox.net]
**Sent:** Tuesday, November 21, 2017 2:56 PM
**To:** Hardt, William (ext) (RC-US EM TS PM)
**Subject:** Re: Escrow cancellation

I thought his was done long ago, but I'll do it again. V

On Nov 21, 2017, at 2:47 PM, Hardt, William <william.hardt.ext@siemens.com> wrote:

Vicki,

Please sign escrow release & send back to me

Thanks, Bill

This message and any attachments are solely for the use of intended recipients. The information contained herein may include trade secrets, protected health or personal information, privileged or otherwise confidential information. Unauthorized review, forwarding, printing, copying, distributing, or using such

**Hardt, William (ext) (RC-US EM TS PM)**

**From:** Hardt, William (ext) (RC-US EM TS PM)
**Sent:** Tuesday, November 28, 2017 9:15 AM
**To:** 'toni@pacshoreescrow.com'; 'BestHomesSD@aol.com'
**Subject:** 1825 Avocado cancellation
**Attachments:** CCF11222017.pdf

Bob/Toni,

Please see attached with seller signature.

Cancellation of escrow signed, release my funds.

Bill Hardt

**Hardt, William (ext) (RC-US EM TS PM)**

| | |
|---|---|
| **From:** | Hardt, William (ext) (RC-US EM TS PM) |
| **Sent:** | Thursday, November 30, 2017 3:13 PM |
| **To:** | 'toni@pacshoreescrow.com'; 'BestHomesSD@aol.com' |
| **Subject:** | RE: 1825 Avocado cancellation |

Bob,

Please confirm $24,000 will be released from escrow to my account (as per our phone conversation). Pacshore to retain $1,00 as noted

**From:** Hardt, William (ext) (RC-US EM TS PM)
**Sent:** Thursday, November 30, 2017 1:15 PM
**To:** 'toni@pacshoreescrow.com'; 'BestHomesSD@aol.com'
**Subject:** RE: 1825 Avocado cancellation
**Importance:** High

It has been over a week with ZERO correspondence-
Please provide status of escrow release

**From:** Hardt, William (ext) (RC-US EM TS PM)
**Sent:** Tuesday, November 28, 2017 9:15 AM
**To:** 'toni@pacshoreescrow.com'; 'BestHomesSD@aol.com'
**Subject:** 1825 Avocado cancellation

Bob/Toni,

Please see attached with seller signature.

Cancellation of escrow signed, release my funds.

Bill Hardt

**Hardt, William (ext) (RC-US EM TS PM)**

**From:** William J. Hardt Jr. <wjhardt@gmail.com>
**Sent:** Friday, December 08, 2017 5:46 PM
**To:** Robert Hamzey Distinctive Properties
**Cc:** Hardt, William (ext) (RC-US EM TS PM); Toni Hasty
**Subject:** 1825 Avocado- escrow return

Bob,
Where is my escrow return? I have had both parties sign your document. It has been months, this is extremely unprofessional.
You been screening my phone calls, will not respond to emails, have directed your people not to contact me & made false promises to me when I have called from other phones unfamiliar to you.
I have signed your paper, return my money.

Bill Hardt

**Hardt, William (ext) (RC-US EM TS PM)**

**From:** William J. Hardt Jr. <wjhardt@gmail.com>
**Sent:** Wednesday, December 20, 2017 7:20 AM
**To:** Hardt, William (ext) (RC-US EM TS PM)
**Subject:** Fwd: Distinctive properties BK filing Case:17-96185-7

Sent from my iPhone

Begin forwarded message:

> **From:** "William J. Hardt Jr." <wjhardt@gmail.com>
> **Date:** December 19, 2017 at 2:43:23 PM PST
> **To:** Distinctive Properties <besthomessd@aol.com>
> **Subject: Re: Distinctive properties BK filing Case:17-96185-7**
>
> Who is the listed trustee?
>
> On Dec 19, 2017, at 2:37 PM, Distinctive Properties <besthomessd@aol.com> wrote:
>
>> On 10/12/17 Distinctive Properties Inc. and all related names including PacShore Escrow petitioned for bankruptcy.
>>
>> At that time all checking accounts & funds were moved to the trustee. All escrows were completed, closed, and paid prior to this time. Your escrow refund was held up for the reasons you are aware of. I had made note about the funds from PacShore and they are part of the liquidation.
>>
>> I believe those funds would have priority once this is resolved, or we exit the proceedings if the Weichert and the creditors cooperate on a plan.

## Hardt, William (ext) (RC-US EM TS PM)

**From:** Hardt, William (ext) (RC-US EM TS PM)
**Sent:** Thursday, [redacted]0:49 AM
**To:** 'BestHomesSD@aol.com'
**Cc:** William Hardt; 'toni@pacshoreescrow.com'; 'joeclary34@gmail.com'
**Subject:** FW: Distinctive properties BK filing Case:17-96185-7

**Importance:** High

**Bob,**

**I have spoken to my attorney & this case does not exist in the bankruptcy courts.**

- Who is the listed trustee?
- Who is the main PoC for the case?
- Who is the Weichert representative handling the issue?
- An escrow held in trust is not a company asset, therefore cannot be liquidated through bankruptcy.

Additionally, Compass Bank has confirmed the account to be held in escrow has not changed names into an alternate trustee.

Please provide information or I will assume you have continued to lie to me and my money has been misappropriated. This is the last chance for you to avoid further legal action, ignoring my emails will not help.

Bill Hardt

On Dec 19, 2017, at 2:37 PM, Distinctive Properties <besthomessd@aol.com> wrote:

> On 10/12/17 Distinctive Properties Inc. and all related names including PacShore Escrow petitioned for bankruptcy.
>
> At that time all checking accounts & funds were moved to the trustee. All escrows were completed, closed, and paid prior to this time. Your escrow refund was held up for the reasons you are aware of. I had made note about the funds from PacShore and they are part of the liquidation.
>
> I believe those funds would have priority once this is resolved, or we exit the proceedings if the Weichert and the creditors cooperate on a plan.

**Hardt, William (ext) (RC-US EM TS PM)**

**From:** Robert Hamzey <rhamzey@pacshoreinc.com>
**Sent:** Thursday, December 21, 2017 1:05 PM
**To:** Hardt, William (ext) (RC-US EM TS PM)
**Subject:** Fwd: 17-06185-CL7 Notice of Meeting of Creditors Continuance

Begin forwarded message:

**From:** [redacted] <jsmaha@smaha.com>
**Date:** December 21, 2017 at 11:49:11 AM PST
**To:** "Robert Hamzey" <rhamzey@pacshoreinc.com>
**Subject: FW: 17-06185-CL7 Notice of Meeting of Creditors Continuance**

[redacted] to the person

**From:** info_casb@casb.uscourts.gov [mailto:info_casb@casb.uscourts.gov]
**Sent:** Thursday, December 21, 2017 11:31 AM
**To:** casb_ecf@casb.uscourts.gov
**Subject:** 17-06185-CL7 Notice of Meeting of Creditors Continuance

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**Southern District of California**

Notice of Electronic Filing

The following transaction was received from Barclay, Christopher entered on 12/21/2017 at 11:31 AM PST and filed on 12/21/2017

**Case Name:** Distinctive Properties, Inc.
**Case Number:** 17-06185-CL7
**Document Number:** 9

**Docket Text:**
Notice of Continuance of Meeting of Creditors **on 1/25/2018 at 11:30 AM at 880 Front St., Edward J. Schwartz Bldg, 1st Fl, Room 1234 (B), San Diego, CA 92101 (Ch11)**. (Barclay, Christopher)

The following document(s) are associated with this transaction:

**17-06185-CL7 Notice will be electronically mailed to:**

Christopher R. Barclay
admin@crb7trustee.com, qcrbarclay2@ecf.epiqsystems.com,mlcunanan@crb7trustee.com

John L. Smaha on behalf of Debtor Distinctive Properties, Inc.
jsmaha@smaha.com, gbravo@smaha.com;mdawson@smaha.com;jteague@smaha.com

United States Trustee
ustp.region15@usdoj.gov

**17-06185-CL7 Notice will not be electronically mailed to:**

**Hardt, William (ext) (RC-US EM TS PM)**

**From:** Hardt, William (ext) (RC-US EM TS PM)
**Sent:** Friday, December 22, 2017 10:30 AM
**To:** 'admin@crb7trustee.com'
**Cc:** 'qcrbarclay2@ecf.epiqsystems.com'; 'mlcunanan@crb7trustee.com'; William Hardt
**Subject:** Pacshore Escrow- Distinctive properties- Robert Hamezy (#17-06185-CL7)
**Attachments:** CCF12212017.pdf; Avocado Cancellation.pdf; CCF11222017.pdf; BUYER-signed escrow instructions.pdf

**Importance:** High

Case #-17-06185-CL7

Christopher,

I have been trying to get information from Robert Hamzey of Distinctive Properties/Pacshore Escrow for months & the release of my escrow funds from Pacshore Escrow, the amount of $25,000. Mr. Hamzey has lied to me, made excuses, held me under duress, directed employees to screen me, and refuses to answer my calls/emails. When I went to confront Mr. Hamzey at Distinctive Properties to deal with the issue face to face, I found an abandoned office which was closed for business.
I have finally been given your contact in regard to my release of escrow (see attached). It has been multiple months and countless stress, but I'm hoping I can finally get some resolution. All I want is my hard earned money back that Pacshore/Distinctive has refused to release.
I am currently in contact with an attorney but that is costing more money to get back what is rightfully mine. Mr. Hamzey has proven himself to be a dishonest business man with zero respect for other people.
Please provide any input, it will be greatly appreciated and relieve extreme stress to know my money has not been misappropriated/embezzled by Robert Hamzey.

Best regards,

William J. Hardt
201-637-8645
919-324-4625

**Hardt, William (ext) (RC-US EM TS PM)**

| | |
|---|---|
| **From:** | Hardt, William (ext) (RC-US EM TS PM) |
| **Sent:** | Wednesday, January 03, 2018 12:16 PM |
| **To:** | 'admin@crb7trustee.com' |
| **Cc:** | 'qcrbarclay2@ecf.epiqsystems.com'; 'mlcunanan@crb7trustee.com'; 'William Hardt' |
| **Subject:** | RE: Pacshore Escrow- Distinctive properties- Robert Hamezy (#17-06185-CL7) |
| **Importance:** | High |

Can some one please provide input

**From:** Hardt, William (ext) (RC-US EM TS PM)
**Sent:** Friday, December 22, 2017 10:30 AM
**To:** 'admin@crb7trustee.com'
**Cc:** 'qcrbarclay2@ecf.epiqsystems.com'; 'mlcunanan@crb7trustee.com'; William Hardt
**Subject:** Pacshore Escrow- Distinctive properties- Robert Hamezy (#17-06185-CL7)
**Importance:** High

Case #-17-06185-CL7

Christopher,

I have been trying to get information from Robert Hamzey of Distinctive Properties/Pacshore Escrow for months & the release of my escrow funds from Pacshore Escrow, the amount of $25,000. Mr. Hamzey has lied to me, made excuses, held me under duress, directed employees to screen me, and refuses to answer my calls/emails. When I went to confront Mr. Hamzey at Distinctive Properties to deal with the issue face to face, I found an abandoned office which was closed for business.
I have finally been given your contact in regard to my release of escrow (see attached). It has been multiple months and countless stress, but I'm hoping I can finally get some resolution. All I want is my hard earned money back that Pacshore/Distinctive has refused to release.
I am currently in contact with an attorney but that is costing more money to get back what is rightfully mine. Mr. Hamzey has proven himself to be a dishonest business man with zero respect for other people.
Please provide any input, it will be greatly appreciated and relieve extreme stress to know my money has not been misappropriated/embezzled by Robert Hamzey.

Best regards,

William J. Hardt
201-637-8645
919-324-4625

**Hardt, William (ext) (RC-US EM TS PM)**

**From:** Hardt, William (ext) (RC-US EM TS PM)
**Sent:** Thursday, January 04, 2018 8:51 AM
**To:** 'admin@crb7trustee.com'
**Cc:** 'qcrbarclay2@ecf.epiqsystems.com'; 'mlcunanan@crb7trustee.com'; 'William Hardt'
**Subject:** RE: Pacshore Escrow- Distinctive properties- Robert Hamezy (#17-06185-CL7)

Case #-17-06185-CL7 – Robert Hamzey (Pacshore Escrow/Distinctive Properties)

Please provide me with information for preliminary bankruptcy hearing. I wish to attend.
Date-
Address-
Time-

Thank you,
Bill Hardt

**From:** Hardt, William (ext) (RC-US EM TS PM)
**Sent:** Wednesday, January 03, 2018 12:16 PM
**To:** 'admin@crb7trustee.com'
**Cc:** 'qcrbarclay2@ecf.epiqsystems.com'; 'mlcunanan@crb7trustee.com'; 'William Hardt'
**Subject:** RE: Pacshore Escrow- Distinctive properties- Robert Hamezy (#17-06185-CL7)
**Importance:** High

Can some one please provide input

**From:** Hardt, William (ext) (RC-US EM TS PM)
**Sent:** Friday, December 22, 2017 10:30 AM
**To:** 'admin@crb7trustee.com'
**Cc:** 'qcrbarclay2@ecf.epiqsystems.com'; 'mlcunanan@crb7trustee.com'; William Hardt
**Subject:** Pacshore Escrow- Distinctive properties- Robert Hamezy (#17-06185-CL7)
**Importance:** High

Case #-17-06185-CL7

Christopher,

I have been trying to get information from Robert Hamzey of Distinctive Properties/Pacshore Escrow for months & the release of my escrow funds from Pacshore Escrow, the amount of $25,000. Mr. Hamzey has lied to me, made excuses, held me under duress, directed employees to screen me, and refuses to answer my calls/emails. When I went to confront Mr. Hamzey at Distinctive Properties to deal with the issue face to face, I found an abandoned office which was closed for business.
I have finally been given your contact in regard to my release of escrow (see attached). It has been multiple months and countless stress, but I'm hoping I can finally get some resolution. All I want is my hard earned money back that Pacshore/Distinctive has refused to release.
I am currently in contact with an attorney but that is costing more money to get back what is rightfully mine. Mr. Hamzey has proven himself to be a dishonest business man with zero respect for other people.
Please provide any input, it will be greatly appreciated and relieve extreme stress to know my money has not been misappropriated/embezzled by Robert Hamzey.

CSD 1181 [05/19/17]
Name, Address, Telephone No. & I.D. No.

Christopher R. Barclay, Chapter 7 Trustee
5055 N. Harbor Drive, Suite 210
San Diego, CA 92106
U.S. Mail: P.O. Box 2819, La Mesa, CA 91943-2819
Tel.: (619) 255-1529 Email: admin@crb7trustee.com

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

Distinctive Properties, Inc.

BANKRUPTCY NO. 17-06185-CL7

Tax I.D.(EIN)#: xx-xxx9176 /S.S.#:XXX-XX-_____ Debtor.

## NOTICE OF HEARING AND MOTION

TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:

**You are hereby notified** that on January 22, 2018, at 10:00a.m., in Department 5, Room 318, of the Jacob Weinberger United States Courthouse, located at 325 West F Street, San Diego, California 92101-6991, there will be a hearing regarding the Motion of Christopher R. Barclay, Chapter 7 Trustee, for [check the appropriate box]:

- [x] Dismissal of a chapter 7, 11 or 12 case;
- [ ] Conversion of a chapter 7, 11 or 12 case by a party other than the debtor;
- [ ] Allowance of [interim] [final] compensation or reimbursement of expenses of professionals as provided in Exhibit "A" [information required by FRBP 2002(c)(2)];
- [ ] Appointment of a trustee in a chapter 11 case; or
- [ ] Other [specify the nature of the matter]:

* ATTENDED HEARING & LISTED AS A CREDITOR AT HEARING

If not required to be attached, a set of the moving papers will be provided, upon request, by the undersigned or may be inspected at the office of the Clerk.

Any opposition or other response to the motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West F St., San Diego, California 92101-6991, **not later than fourteen (14)[1] days from the date of service.**

DATED: December 21, 2017

/s/ Christopher R. Barclay, Chapter 7 Trustee
~~[Attorney for]~~ Moving Party

[1] Depending on how you were served, you may have additional time for response. See FRBP 9006.

**CERTIFICATE OF SERVICE**

I, the undersigned whose address appears below, certify:

That I am, and at all relevant times was, more than 18 years of age;

That on 21st day of December 2017, I served a true copy of the within NOTICE OF MOTION AND HEARING by [describe here mode of service]
Notice of Electric Filing (NEF) and First Class Mail

on the following persons [set forth name and address of each person served] and/or as checked below:

☑ Attorney for Debtor (if required):

John L. Smaha via NEF at jsmaha@smaha.com, gbravo@smaha.com;mdawson@smaha.com;jteague@smaha.com

Other parties served via NEF
Christopher Barclay admin@crb7trustee.com, qcrbarclay2@ecf.epiqsystems.com,mlcunanan@crb7trustee.com
United States Trustee ustp.region15@usdoj.gov

Debtor: Distinctive Properties, Inc. P.O. Box 9592, Rancho Santa Fe, CA 92067 (Via First Class Mail)

Creditors and other interested parties - See attached (Via First Class Mail)

*PACKAGE WITH ALL DETAILS SUBMITTED

☒ For Chpt. 7, 11, & 12 cases:

UNITED STATES TRUSTEE
Department of Justice
880 Front Street, Suite 3230
San Diego, CA 92101-8897

☐ For ODD numbered Chapter 13 cases:

THOMAS H. BILLINGSLEA, JR., TRUSTEE
401 West A Street, Suite 1680
San Diego, CA 92101

☐ For EVEN numbered Chapter 13 cases:

DAVID L. SKELTON, TRUSTEE
525 B Street, Suite 1430
San Diego, CA 92101-4507

I certify under penalty of perjury that the foregoing is true and correct.

Executed on December 21, 2017
(Date)

/s/ Mary Lou Cunanan
(Typed Name and Signature)

5055 N. Harbor Drive, Suite 210
(Address)

San Diego, CA 92106
(City, State, ZIP Code)

Advance Commission Solutions
c/o Steve Shaw
2041 Paddington Drive
Park City, UT 84060-7434

BFS Capital
3301 N. university Drive
Suite 300
Coral Springs, FL 33065-4149

Cap Call
c/o Paul Kramer
1702 N. Collins Blvd., Ste. 10
Richardson, TX 75080-3566

Expansion Capital
6800 Broken Sound Parkway
Boca Raton, FL 33487-2721

Express Cash
c/o Phil Guertin
19800 MacArthur Blvd., #650
Irvine, CA 92612-8443

Greenbox Capital
111 Northwest 183rd St., #316
Miami Gardens, FL 33169-4599

ICAN
c/o RSG, LLC - Renee Smith
1006-1008 Mattlind Way
Milford, DE 19963-5300

John L. Smaha
Smaha Law Group, APC
2398 San Diego Avenue
San Diego, CA 92110-2894
*Served via NEF*

Kabbage
925B Peach Street NE, #1688
Atlanta, GA 30309-3918

Knight Capital Funding
c/o Phillip Yates, Esq.
9 E. Loockerman St., #3A-543
Dover, DE 19901-8306

Loan Me
1900 S. State College Blvd.
Suite 300
Anaheim, CA 92806-6152

Navy Federal
820 Follin Lane SE
Vienna, VA 22180-4907

PacShore Escrow Services
1237 Camino Del Mar, Ste. C
Del Mar, CA 92014-2570

United States Trustee
Office of the U.S. Trustee
880 Front Street, Suite 3230
San Diego, CA 92101-8897
*Served via NEF*

US Working Capital Plan
c/o James Pendergast
1521 Concord Pike, #303
Wilmington, DE 19803-3644

World Global
c/o Asset Recovery
141 NE 3rd Avenue
Miami, FL 33132-2207

Christopher R. Barclay, Ch. 7 Trustee
5055 N. Harbor Drive, Suite 210
San Diego, CA 92106
U.S. Mail: P.O. Box 2819, La Mesa, CA 91943-2819
Telephone: (619) 255-1529
Email: admin@crb7trustee.com

Chapter 7 Trustee for Distinctive Properties, Inc.

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>DISTINCTIVE PROPERTIES, INC.,<br><br>Debtor. | Case No. 17-06185-CL7<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION REQUESTING DISMISSAL OF CHAPTER 7 CASE; DECLARATION OF CHRISTOPHER R. BARCLAY IN SUPPORT THEREOF**<br><br>Hearing:<br>Date: January 22, 2018<br>Time: 10:00 a.m.<br>Place: Dept. 5, Room 318<br>325 West F Street<br>San Diego, CA 92101-6998 |

TO THE HONORABLE CHRISTOPHER B. LATHAM, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:

Christopher R. Barclay, the chapter 7 trustee ("Trustee") hereby files his Motion Requesting Dismissal of Chapter 7 Case ("Motion").

**INTRODUCTION**

This voluntary chapter 7 case involves a corporate debtor. Thus, no discharge is implicated. The only legitimate bankruptcy purpose left to be achieved is an equitable distribution of Debtor's assets to its creditors. But, Debtor filed woefully incomplete

schedules and statements at the beginning of the case and Debtor's subsequent effort to amend its schedules and statements have fallen short. Inside this vacuum, Debtor's principals have dissipated or transferred Debtor's assets post-petition. Simply put, Debtor has not been forthcoming or transparent in this chapter 7 case. Debtor has not taken seriously or faithfully its duties under Section 521 of the Bankruptcy Code. Debtor's actions and inactions have impaired Trustee's efforts to administer the estate. Delay and prejudice are the harmful consequence.

The totality of the present circumstances amounts to cause for dismissal. While Trustee has been able to recover some small cash balances, it remains unclear the extent to which such funds are property of the estate or trust funds, held for the benefit of other parties. There are apparent avoidance actions, for pre- and post-petition transfers, but the likely cost of pursuing such actions could consume or exceed the expected recovery. Meanwhile, continuation of the chapter 7 case will prejudice secured and unsecured creditors by virtue of continuation of the automatic stay, which does not terminate until the case closes under Section 362(c)(2)(a), barring an order granting relief from the stay. Continuation of the automatic stay serves only to benefit Debtor's principals. To the contrary, dismissal will cause no plain legal prejudice to any creditor.

## FACTS

1. On October 12, 2017 ("Petition Date"), this case was commenced by the filing of a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Christopher R. Barclay is the duly appointed and acting Chapter 7 trustee ("Trustee") for the bankruptcy estate of Distinctive Properties, Inc. ("Debtor").

2. Debtor's original meeting of creditors in this Chapter 7 case took place on November 16, 2017. Continued meetings of creditors were conducted on November 29, 2017 and December 20, 2017.

3. Trustee understands that Debtor conducted business as a real estate brokerage firm, property management service firm, and as an escrow company.

4.     Debtor's original Schedule A/B lists personal property with an identified value of $9,000.00, comprised of: a) Cash on Hand (valued at $4,500.00); b) Rent Deposit to Landlord (Various Accounts) (valued at $0.00); c) Miscellaneous Office Furniture (valued valued at $2,000.00); d) Miscellaneous Office Equipment (valued at $2,500.00); Weichert Distinctive Properties Franchise (valued at $0.00); and e) Miscellaneous Items Donated to Goodwill (valued as "unknown"). Debtor's original Schedule A/B states that Debtor had no bank accounts as of the Petition Date.

5.     Debtor's Schedule E/F lists unsecured, non-priority claims in the total amount of $1,021,201.29.

6.     On October 16, 2017, Trustee sent a letter to Debtor's counsel, John L. Smaha, and requested immediate turnover of the cash in the amount of $4,500.00. In response, Mr. Smaha indicated that he would pass the letter to Debtor and respond after he hears from Debtor.

7.     On October 19, 2017, Trustee received a letter from attorney John Paul Teague, Esq. on behalf of Debtor written to inform Trustee that post-petition transfers occurred in one of Debtor's (undisclosed) bank accounts at Wells Fargo Bank, N.A. In the letter, Mr. Teague implored Trustee to release the funds or unfreeze the account on the basis that the funds are not property of the bankruptcy estate.

8.     On October 23, 2017, Trustee received an email from counsel for a party-in-interest notifying Trustee of Debtor's interest in several (undisclosed) bank accounts at BBVA Compass Bank, First Republic Bank, and Wells Fargo Bank, N.A.

9.     On October 26, 2017, Trustee wrote to BBVA Compass Bank ("BBVA Compass"), First Republic Bank ("First Republic"), and Wells Fargo Bank, N.A. ("Wells Fargo") to notify them of the bankruptcy case and to request that they freeze all accounts in Debtor's name and to request turnover funds in the accounts, if any. On November 6, 2017, Trustee received $8,908.87 from Wells Fargo. On November 8, 2017, Trustee received

$227.38 from First Republic. Trustee has not received a response from BBVA Compass. Trustee sent a follow up letter to BBVA Compass on December 4, 2017.

10. On October 30, 2017, Debtor filed an Amended Schedule A/B whereby Debtor deleted the reference to $4,500.00 Cash on Hand and added personal property with an identified value of $84,281.43, comprised of: **a) BBVA Compass Checking Account (Escrow Account) ending in 0694** (valued at $25,912.90); b) BBVA Compass Checking Account (General Account) ending in 4364 (valued at $14,544.66); c) BBVA Compass Savings Account ending in 4165 (valued at $1,000.00); d) First Republic Checking Account ending in 1853 (valued at $5,644.82; e) First Republic Checking Account ending in 6806 (valued at $25,586.24); and f) Wells Fargo Checking Account ending in 1668 (valued at $11,592.81).

11. At the initial meeting of creditors on November 16, 2017, Robert Hamzey appeared on behalf of the Debtor. Mr. Teague appeared at the meeting as legal counsel on behalf of Debtor. Trustee examined Mr, Hamzey regarding Debtor's assets and financial affairs. Trustee continued the meeting of creditors to November 29, 2017.

12. Mr. Hamzey and Mr. Smaha appeared at the continued meeting of creditors on November 29, 2017. Mr. Smaha requested a continuance of the meeting of creditors on grounds that, among other reasons, Debtor's sworn statements and schedules required substantial amendments. During the subsequent examination, Mr. Hamzey refused to testify regarding tenant security deposits held by Debtor. Mr. Hamzey explained that the California Bureau of Real Estate is engaged in an audit of Debtor and on advice of (unnamed) counsel, Mr. Hamzey declined to answer any questions regarding Debtor's handling of tenant security deposits. In refusing to testify, Mr. Hamzey went so far as to decline to identify the nature and purpose (operating, trust, escrow, etc.) of Debtor's late-disclosed bank accounts.

13. Before the Petition Date, Debtor provided property management services. In reviewing the papers filed by Debtor in this case, Trustee notes that Debtor did not list on Schedule E/F any tenants for which Debtor holds security deposits. See Docket #1, pages 15 to 17. In addition, Trustee notes that Debtor did not disclose any property management

agreements on Schedule G. Debtor did not disclose any office lease. Debtor's Schedule G, indicates that Debtor does not have any executory contracts and unexpired leases. See Docket #1, page 18. Consequently, the tenants and property owners did not receive notice of Debtor's bankruptcy when the court issued the notice of commencement of the case and the initial meeting of creditors.

14. Debtor failed to provide honest responses to the disclosures required by Official Form 207 – Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy. Mr. Hamzey's testimony at the initial meeting of creditors confirms that Debtor did not disclose known transfers to Debtor's insiders, including a $125,000 transfer completed only hours before Debtor filed its petition but apparently set in motion by Debtor's principals days or weeks before. In response to Trustee's examination at the continued meeting of creditors on November 29, 2017, Mr. Hamzey testified that he caused a commission payment due to Debtor to be transferred post-petition to a non-Debtor party.

15. Two primary purposes for seeking bankruptcy relief are 1) for honest debtors to receive a discharge and fresh start; and, 2) to provide for the fair and equitable distribution of a given debtor's assets to creditors. As a corporate debtor, Debtor is not entitled to a discharge, however, the honest debtor aspect of the bankruptcy process is very crucial. Debtor's failure to candidly and fully disclose its assets and failure to surrender property of the estate to Trustee, has resulted in dissipation of property of the estate post-petition and much harm. Debtor's failure to list all of its creditors is likewise prejudicial. Debtor's sworn bankruptcy schedules not only fail to disclose all of its assets, but as well creditors and parties-in-interest have been prejudiced because Debtor has failed to list all of its creditors, executory contracts and unexpired leases.

16. The harm to the bankruptcy estate arising from Debtor's willful omissions are compounded by Debtor's failure to cooperate with Trustee's efforts to administer the bankruptcy estate by refusing to provide testimony at the § 341(a) meeting of creditors concerning Debtor's assets and financial affairs. Dismissal of a corporate chapter 7 case is

proper on the grounds that Debtor has failed to comply with its statutory duty to cooperate with Trustee as necessary to enable Trustee to perform his duties [11 U.S.C. § 521(3)] and as a result, Debtor's unreasonable delay harmed the bankruptcy estate and that is prejudicial to creditors. Continuation of the automatic stay, invoked upon the filing of this bankruptcy case, perpetuates the prejudice to creditors and benefits only the interests of Debtor's insiders.

## CONCLUSION

In this instance, Trustee believes that dismissal of the chapter 7 case is appropriate. Debtor's actions in this case, which include failing to disclose assets and other pertinent information in the case, dissipating assets, refusing to testify at the § 341(a) meeting of creditors, and failing to list all creditors, exemplify the failure of Debtor to fulfill its statutory duty to cooperate pursuant to 11 U.S.C. § 521(3), which already has resulted in demonstrable harm to the bankruptcy estate. The resultant unreasonable delay is prejudicial to creditors.

Trustee requests that the Bankruptcy Court dismiss this case for cause, pursuant to 11 U.S.C. 707(a) and 11 U.S.C. 105(a), with a bar to refiling within 180 days pursuant to 11 U.S.C. 109(g)(1).

RESPECTFULLY SUBMITTED,

Dated: December 21, 2017

By: /s/ Christopher R. Barclay
CHRISTOPHER R. BARCLAY
Chapter 7 Trustee

**DECLARATION OF CHRISTOPHER R. BARCLAY**

I, Christopher R. Barclay, declare as follows:

1. I am the Chapter 7 Trustee for the estate of Distinctive Properties, Inc. ("Debtor"). I have personal knowledge of the facts set forth below and if called to testify, I would and could competently testify to such facts.

2. On October 12, 2017, this case was commenced by the filing of a voluntary petition under Chapter 7 of Title 11 of the Bankruptcy Code. Thereafter, I was appointed as Chapter 7 Trustee for Debtor.

3. Debtor's original meeting of creditors in this Chapter 7 case took place on November 16, 2017. A continued meeting of creditors was conducted on November 29, 2017. I continued the meeting a second time to December 20, 2017, but I waived appearances of Debtor at the December 20, 2017 meeting in anticipation of filing the present motion to dismiss.

4. I understand that Debtor conducted business as a real estate brokerage firm, property management service firm, and as an escrow company. An undisclosed affiliate of Debtor, Pachsore, Inc., operates a substantially similar business using the same fictitious name as the Debtor.

5. Debtor's original Schedule A/B lists personal property with an identified value of $9,000.00, comprised of: a) Cash on Hand (valued at $4,500.00); b) Rent Deposit to Landlord (Various Accounts) (valued at $0.00); c) Miscellaneous Office Furniture (valued valued at $2,000.00); d) Miscellaneous Office Equipment (valued at $2,500.00); Weichert Distinctive Properties Franchise (valued at $0.00); and e) Miscellaneous Items Donated to Goodwill (valued as "unknown"). Debtor's original Schedule A/B states that Debtor had no bank accounts as of the Petition Date.

6. Debtor's Schedule E/F lists unsecured, non-priority claims in the total amount of $1,021,201.29.

7. On October 16, 2017, I sent a letter to Debtor's counsel, John L. Smaha, and requested immediate turnover of the cash in the amount of $4,500.00. In response, Mr. Smaha indicated that he would pass the letter to Debtor and respond after he heard from Debtor.

8. On October 19, 2017, I received a letter from attorney John Paul Teague, Esq. on behalf of Debtor written to inform me that post-petition transfers occurred involving one of Debtor's (undisclosed) bank accounts at Wells Fargo Bank, N.A. In the letter, Mr. Teague implored me to release the funds or unfreeze the account on the basis that the funds are not property of the bankruptcy estate. I was surprised to receive this letter because Debtor's sworn bankruptcy schedules indicated that Debtor had no open bank accounts.

9. On October 23, 2017, I received an email from Dean Kirby, Esq. notifying me of Debtor's interest in several (undisclosed) bank accounts at ~~BBVA Compass Bank~~, First Republic Bank, and Wells Fargo Bank, N.A.

10. On October 26, 2017, I wrote to ~~BBVA Compass~~ Bank ("BBVA Compass"), First Republic Bank ("First Republic"), and Wells Fargo Bank, N.A. ("Wells Fargo") to notify them of the bankruptcy case and to request that they freeze all accounts in Debtor's name and to request turnover funds in the accounts, if any. On November 6, 2017, I received $8,908.87 from Wells Fargo. On November 8, 2017, I received $227.38 from First Republic. ~~Trustee has not received a response from BBVA Compass.~~ Trustee sent a follow up letter to BBVA Compass on December 4, 2017.

11. On October 30, 2017, Debtor filed an Amended Schedule A/B whereby Debtor deleted the reference to $4,500.00 Cash on Hand and added personal property with an identified value of $84,281.43, comprised of: a) ~~BBVA Compass Checking Account (Escrow Account) ending in 0694 (valued at $25,912.90); b~~) BBVA Compass Checking Account (General Account) ending in 4364 (valued at $14,544.66); c) BBVA Compass Savings Account ending in 4165 (valued at $1,000.00); d) First Republic Checking Account ending

→ ACCOUNT OF WIRE TRANSFER

in 1853 (valued at $5,644.82; e) First Republic Checking Account ending in 6806 (valued at $25,586.24); and f) Wells Fargo Checking Account ending in 1668 (valued at $11,592.81).

12. At the initial meeting of creditors on November 16, 2017, Robert Hamzey appeared on behalf of the Debtor. John Paul Teague, Esq. appeared at the meeting as legal counsel on behalf of Debtor. I examined Mr, Hamzey regarding Debtor's assets and financial affairs. I continued the meeting of creditors to November 29, 2017.

13. Mr. Hamzey and Mr. Smaha appeared at the continued meeting of creditors on November 29, 2017. At the beginning of the continued meeting, Mr. Smaha requested a continuance of the meeting of creditors on grounds that, among other reasons, Debtor's sworn statements and schedules required many amendments. During the subsequent examination, Mr. Hamzey refused to testify regarding tenant security deposits held by Debtor. Mr. Hamzey and Mr. Smaha explained that the California Bureau of Real Estate is engaged in an audit of Debtor and on advice of (unnamed) counsel, Mr. Hamzey declined to answer any questions regarding Debtor's handling of tenant security deposits. In refusing to testify, Mr. Hamzey went so far as to decline to identify the nature and purpose (operating, trust, escrow, etc.) of Debtor's late-disclosed bank accounts.

14. Before the Petition Date, Debtor provided property management services. In reviewing the papers filed by Debtor in this case, I note that Debtor did not list on Schedule E/F any tenants for which Debtor holds security deposits. See Docket #1, pages 15 to 17. In addition, Trustee I note that Debtor did not disclose any property management agreements on Schedule G. Debtor also did not disclose its office lease. Debtor's Schedule G, indicates that Debtor does not have any executory contracts and unexpired leases. See Docket #1, page 18. Consequently, the tenants and property owners did not receive notice of Debtor's bankruptcy when the Bankruptcy Court issued the notice of commencement of the case and the date set for the initial meeting of creditors.

15. I am concerned that Debtor failed to provide honest responses to the disclosures required by Official Form 207 – Statement of Financial Affairs for Non-

Individuals Filing for Bankruptcy. Mr. Hamzey's testimony at the initial meeting of creditors confirms that Debtor did not disclose known transfers to Debtor's insiders (including Pacshore, Inc.), such as a $125,000 transfer completed only hours before Debtor filed its petition but a transfer that appears to have been set in motion by Mr. Hamzey days or weeks before. In response to my examination at the continued meeting of creditors on November 29, 2017, Mr. Hamzey admitted that he caused a commission payment due to Debtor in yet a different escrow to be transferred post-petition to a non-Debtor party.

16. Debtor's actions and inactions involving this bankruptcy case reveal an utter disregard for the duties imposed on it by the Bankruptcy Code. I have recovered only a paucity of the bank balances that existed as of the petition date because Debtor did not disclose the existence of the bank accounts when this case commenced. Debtor is not entitled to a discharge under the Bankruptcy Code. The prospects for any distribution to unsecured creditors under the conditions that exist in this case are quite dim. The consequence of Debtor's unreasonable delay and lack of candor and transparency is prejudicial to creditors. I am concerned that continuation of the automatic stay in this circumstance serves only to protect the interests of Debtor's insiders. Accordingly, I respectfully request that the bankruptcy court dismiss this case for cause, pursuant to 11 U.S.C. 707(a) and 11 U.S.C. 105(a), with a bar to refiling within 180 days pursuant to 11 U.S.C. 109(g)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of December 2017, in the City of San Diego, California.

/s/ Christopher R. Barclay
Christopher R. Barclay, Chapter 7 Trustee

**PROOF OF SERVICE**

I, Mary Lou Cunanan, declare as follows:

I am employed in the County of San Diego, State of California; I am over the age of eighteen years and am not a party to this action; my business address is P.O. Box 2819, La Mesa, CA 91943, in said County and State. On December 21, 2017, I served the following document(s):

**CHAPTER 7 TRUSTEE'S MOTION REQUESTING DISMISSAL OF CHAPTER 7 CASE; DECLARATION OF CHRISTOPHER R. BARCLAY IN SUPPORT THEREOF**

on each of the interested parties stated on the attached service list.

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 21, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated below:

- Christopher R. Barclay admin@crb7trustee.com, qcrbarclay2@ecf.epiqsystems.com,mlcunanan@crb7trustee.com
- John L. Smaha jsmaha@smaha.com, gbravo@smaha.com;mdawson@smaha.com;jteague@smaha.com
- United States Trustee ustp.region15@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**: On December 21, 2017, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.

Debtor: Distinctive Properties, Inc., P.O. Box 9592, Rancho Santa Fe, CA 92067 (Via First Class Mail)

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR E-MAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ______ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or e-mail as follows.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 21, 2017

By: /s/ Mary Lou Cunanan
Mary Lou Cunanan